Nos. 24-6256, 24-6274

IN THE
# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee*,

v.

GOOGLE LLC, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD
Hon. James Donato

**NOTICE OF WITHDRAWAL OF EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR ADMINISTRATIVE STAY OR IN THE ALTERNATIVE FOR EXPEDITED BRIEFING ON GOOGLE'S EMERGENCY MOTION FOR PARTIAL STAY OF PERMANENT INJUNCTION PENDING APPEAL**

| | |
|---|---|
| Katherine B. Wellington | Neal Kumar Katyal |
| HOGAN LOVELLS US LLP | Jessica L. Ellsworth |
| 125 High Street, Suite 2010 | Reedy C. Swanson |
| Boston, MA 02110 | HOGAN LOVELLS US LLP |
| Telephone: (617) 371-1000 | 555 Thirteenth Street NW |
| | Washington, DC 20004 |
| | Telephone: (202) 637-5600 |
| | Facsimile: (202) 637-5910 |
| | neal.katyal@hoganlovells.com |
| October 18, 2024 | *Counsel for Defendants-Appellants* |

*(Additional Counsel Listed on Signature Page)*

The District Court entered a permanent injunction in this antitrust case on October 7, 2024, requiring nationwide changes to Google's app store, the Google Play store. The court set the effective date for several of the injunction's prohibitions on November 1, 2024. Within days, Google asked the District Court to administratively stay the November 1 effective date so that Google could brief a motion to stay the injunction pending appeal in the District Court and, if necessary, this Court, consistent with Federal Rule of Appellate Procedure 8(a). *See* Dkt. 1021, Case 3:21-md-02981-JD. Google simultaneously moved to partially stay the injunction pending appeal. Google explained that if no administrative stay were entered by Wednesday, October 16, 2024, Google would seek relief in this Court because the looming November 1 effective date made it "impracticable" to wait longer before asking this Court for relief. Fed. R. App. P. 8(a). The District Court did not enter an administrative stay by the stated deadline, and so Google filed its motion in this Court as it had indicated it would.

Earlier today, the District Court ruled that (1) Google's request for an administrative stay until this Court has resolved Google's motion to stay in part the injunction pending appeal is granted; and (2) Google's motion to stay in part pending appeal is denied. *See* Dkt. 1030, No. 3:21-md-02981-JD. As a result, the injunction will not take effect until after this Court has had an opportunity to rule on Google's motion to partially stay the injunction pending appeal.

1

Because an administrative stay is now in place, Google no longer needs an emergency administrative stay from this Court and hereby withdraws its motion seeking that relief, or alternatively, expedited briefing. *See* Dkt. 8.1 ("Administrative Motion"). Google has conferred with counsel for Epic, and the parties intend to adhere to the standard briefing schedule under this Court's rules, in which Epic's opposition is due on Monday, October 28, 2024, and Google's reply brief is due on Monday, November 4, 2024. *See* Fed. R. App. P. 27(a)(3).

Additionally, although Google's emergency motion to partially stay the injunction pending appeal had indicated that relief was needed by October 31, 2024, *see* Dkt. 6.1 ("Stay Pending Appeal Motion"), Google no longer requires relief by that date. The District Court's administrative stay of the injunction will remain in effect until this Court rules on Google's stay request.

## CONCLUSION

Google respectfully withdraws its Administrative Motion, Dkt. 8.1, and advises the Court that it no longer requires a decision by October 31, 2024 on its Stay Pending Appeal Motion, Dkt. 6.1, in light of the District Court's administrative stay.

Dated: October 18, 2024

Respectfully submitted,

/s/ *Neal Kumar Katyal*

Katherine B. Wellington
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000

Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Leigha Beckman
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Jonathan I. Kravis
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW,
Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Neal Kumar Katyal
Jessica L. Ellsworth
Reedy C. Swanson
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com

Glenn D. Pomerantz
Kuruvilla Olasa
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Justin P. Raphael
Dane P. Shikman
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and 9th Circuit Rule 27-1 because it contains 435 words, excluding the parts exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on October 18, 2024, the foregoing was electronically filed through this Court's ACMS system, which will send a notice of filing to all registered users.

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal