# Nos. 24-6256, 24-6274

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————

EPIC GAMES, INC.,

                *Plaintiff-Appellee*,

v.

GOOGLE LLC; GOOGLE IRELAND, LTD.; GOOGLE COMMERCE, LTD., GOOGLE ASIA PACIFIC PTE, LTD.; GOOGLE PAYMENT CORP.,

                *Defendants-Appellants*.

———————

On Appeal from the United States District
Court for the Northern District of California
Nos. 3:20-cv-05671-JD, 3:21-md-02981-JD

———————

**MOTION OF WASHINGTON LEGAL FOUNDATION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE SUPPORTING DEFENDANTS-APPELLANTS AND REVERSAL**

———————

Cory L. Andrews
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave. NW
Washington, DC 20036
(202) 588-0302
candrews@wlf.org

December 4, 2024

## RULE 26.1 DISCLOSURE STATEMENT

Washington Legal Foundation has no parent company, issues no stock, and no publicly held company owns a ten percent or greater interest in it.

Washington Legal Foundation moves for leave to file the attached *amicus* brief supporting Defendants-Appellants and reversal.

Counsel for Defendants-Appellants consent to WLF's filing its amicus brief.

Rather than consent to WLF's timely filing an amicus brief that complies fully with Fed. R. App. P. 29, Counsel for Plaintiff-Appellee conditioned their consent on WLF's making additional funding disclosures that go well beyond those required by Fed. R. App. P. 29(a)(4)(E). Because WLF would not accede to these extra conditions, Counsel for Plaintiff-Appellee "take no position" on this motion.

WLF is a nonprofit, public-interest law firm and policy center with supporters nationwide. WLF promotes free enterprise, individual rights, limited government, and the rule of law. It often appears as an amicus curiae in important antitrust cases *See, e.g., Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023); *New York v. Meta Platforms, Inc.*, 66 F.4th 288 (D.C. Cir. 2023).

WLF's proposed amicus brief elaborates on two reasons why this Court should reverse the decision below. First, the District Court's injunction imposes on Google a sweeping duty to deal with its competitors

1

that far exceeds the bounds of antitrust law. Second, bedrock antitrust policy considerations weigh against the District Court's intrusive injunction in this case.

"Members of the court might find any or all of these addition[al arguments] helpful to deciding the appeal." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 764 (7th Cir. 2020) (Scudder, J., in chambers) (granting WLF's motion for leave to file *amicus* brief). The proposed brief provides additional discussion and citations not found in the parties' briefs. These arguments and citations further unpack the District Court's error and will assist the Court in resolving this appeal. This is a quintessential role for amicus curiae, as this Court has recognized. *See, e.g., Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (describing "the classic role of amicus curiae [as] assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration").

WLF thus respectfully moves for leave to file the attached amicus brief.

Respectfully submitted,

/s/ Cory L. Andrews
Cory L. Andrews
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave. NW
Washington, DC 20036
(202) 588-0302
jmasslon@wlf.org

*Counsel for Amicus Curiae
Washington Legal Foundation*

December 4, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 356 words excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

I also certify that this motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it uses 14-point Century Schoolbook font.

/s/ Cory L. Andrews
CORY L ANDREWS

December 4, 2024

3