# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPIC GAMES, INC., | C.A. Nos. 24-6256 & 24-6274 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-05671-JD (Northern Dist. Cal.) |
| v. | |
| GOOGLE LLC, et al., | **MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS** |
| Defendants-Appellants. | |

Pursuant to Federal Rule of Appellate Procedure 29, the Chamber of Commerce of the United States of America (the Chamber) respectfully moves this Court for leave to file a brief *amicus curiae* in support of defendants-appellants. The proposed brief is being concurrently lodged with this Court through its electronic filing system. Pursuant to Circuit Rule 29-3, counsel for the Chamber endeavored to obtain consent from all parties to file this brief before moving the Court for permission to do so. While defendant-appellant consented, plaintiff-appellee only conditionally consented, with the condition being that the Chamber

disclose any money it has received in the past 12 months from a party or *amicus* or their affiliates. Plaintiff-appellee stated that it otherwise took no position on the Chamber's request for leave to file.

The Chamber is unable to accede to the requested condition. Following Federal Rule of Appellate Procedure 29(a)(4)(E), the Chamber can and does represent that no counsel for any party authored this brief in whole or in part and no entity or person, aside from the Chamber, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief. But because the Chamber maintains the confidentiality of its membership, it is unable to provide information beyond what is required under that rule.

The Chamber is a non-profit, tax-exempt organization and the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that

end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community.

The Chamber and its members have a strong interest in this appeal for at least two reasons. First, in the antitrust context generally, the Chamber's members rely on carefully crafted injunctions that do no more than necessary to remedy an actually proven antitrust harm. While antitrust laws exist to preserve vibrant competition—an important value at the heart of America's economic success and continued growth—those laws also need to be applied with a scalpel, not a sledgehammer, in order to ensure they serve their important function without unduly punishing pro-competitive behavior and economic growth. Second, the district court's injunction here threatens to create unacknowledged negative downstream effects. The challenged provisions will entangle the district court and millions of app developers in ongoing disputes that are all but guaranteed to be unjust, slow, and costly. The Chamber's members have a strong interest in the quick and fair resolution of this dispute, so that Google's alleged restraints can be lifted and competition in the relevant markets can resume.

3

The Chamber believes that its brief will assist this Court in its evaluation of this appeal without burdening the Court or the parties with unnecessary, repetitive, or long-winded argumentation. Indeed, although Federal Rule of Appellate Procedure 29(a)(5) permits briefs *amicus curiae* to be as much as 7,000 words, the Chamber's proposed brief *amicus curiae* is only 4,413 words. *See* Fed. R. App. P. 29(a)(5); Ninth Cir. R. 32-1(a).

| | |
|---|---|
| DATED: December 4, 2024 | Respectfully submitted, |
| | BRYAN CAVE LEIGHTON PAISNER LLP |
| | /s/ *Jean-Claude André* |
| | JEAN-CLAUDE ANDRE<br>Attorneys for CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA |