# CRAVATH

Gary A. Bornstein
gbornstein@cravath.com
T+1-212-474-1084
New York

June 20, 2025

*Epic Games, Inc v. Google LLC, et al.*, Nos. 24-6256, 24-6274, 25-303

Dear Ms. Dwyer:

Pursuant to Rule 28(j), I write on behalf of Epic Games to provide supplemental authority issued by the Supreme Court on June 18, 2025 in *Perttu v. Richards*, No. 23-1324. *Perttu* supports Epic's right to a jury trial, which Epic presented as an alternative ground for affirmance. (Ans.Br.67.) (The other grounds for affirmance on this issue are that (1) the district court properly rejected Google's untimely withdrawal of consent after the pretrial order became final under Federal Rule of Civil Procedure 16(e), and (2) any error was harmless. (Ans.Br.61-67).)

*Perttu* held that a district court erred by deciding an affirmative defense, rather than submitting the defense to a jury, because the plaintiff's jury-triable claims and the affirmative defense were factually "intertwined". (Slip op. at 17.) The Court construed the relevant statute's silence on the question to indicate that Congress intended the "usual practice" to apply. (*Id.* at 8.) And it reaffirmed that the "usual practice" is "that when a factual dispute is intertwined with the merits of a claim that falls under the Seventh Amendment, that dispute should go to a jury, even if that requires judges to defer determinations they would ordinarily make on their own". (*Id.* at 8.) This rule—articulated in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959)—applies "expansively" even "in a suit in which the basic relief sought is equitable". (*Id.* at 9.) When a case presents factual issues that are common to legal and equitable claims, a trial court's discretion is "very narrowly limited and must, wherever possible, be exercised to preserve [the] jury trial". (*Id.*) When judicial resolution of an equitable issue could preclude a jury trial, such as through estoppel, a jury trial is the "proper path". (*Id.* at 13.)

As shown in Epic's Answering Brief, there is no dispute that Google's counterclaims are jury-triable legal claims. (Ans.Br.67.) There is also no dispute that Epic's defenses to Google's counterclaims are factually intertwined with Epic's antitrust claims. (*Id.*) *Perttu* thus confirms that, as an alternative basis for affirmance, the district court was required to submit Epic's antitrust claims to the jury.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Respectfully submitted,

/s/ Gary A. Bornstein
Gary A. Bornstein
*Counsel for Appellee Epic Games, Inc.*

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

VIA ECF

Copy to Counsel of Record (VIA ECF)