# CRAVATH

Gary A. Bornstein
gbornstein@cravath.com
T+1-212-474-1084
New York

June 23, 2025

*Epic Games, Inc v. Google LLC, et al.*, Nos. 24-6256, 24-6274, 25-303

Dear Ms. Dwyer:

Pursuant to Rule 28(j), I write on behalf of Epic Games to provide supplemental authority issued by the Supreme Court on June 20, 2025 in *Diamond Alternative Energy, LLC v. EPA*, No. 24-7, which relates to Epic's response to Google's standing arguments (Ans.Br.96-99). Although the Court need not reach this point because Google's challenges to the scope of the district court's injunction go to the merits and not to standing (Ans.Br.92-99), *Diamond* confirms that Google's standing arguments are erroneous.

*Diamond* held that liquid fuel producers "readily demonstrated their standing" to challenge the EPA's approval of California regulations that would result in the manufacture of motor vehicles that use less liquid fuel. (Slip. op. at 13.) The Court reaffirmed that, to assess standing, courts consider the "likely" and "predictable" effects of government action and judicial relief, as contrasted with effects that are merely "speculative". (*Id.* at 9.) The standing analysis thus incorporates "commonsense economic principles", and "[w]hen third party behavior is predictable, commonsense inferences may be drawn". (*Id.* at 14.) Because California's regulations would likely cause automakers to manufacture fleets using less fuel, those regulations cause "classic monetary injury" to fuel producers in the form of reduced sales. (*Id.*) Invalidating the regulations would provide redress by "reduc[ing] that effect on the market". (*Id.* at 15.) The Court further held that it "has not demanded that plaintiffs introduce evidence from expert economists or from directly regulated third parties to show how third parties would likely respond to a government regulation or invalidation thereof" because plaintiffs need only show "a predictable chain of events" resulting from judicial relief. (*Id.* at 18.)

Epic's Answering Brief showed that the district court properly relied upon commonsense inferences and economic principles, in addition to record evidence, to determine that the injunction would redress Epic's injuries by reducing the anti-competitive effects of Google's conduct. (Ans.Br.96-99.) In its Reply (at 44-46), Google erroneously argued that precedent required more specific evidence concerning how particular market participants would react to the injunction, and that Epic had failed to meet that burden. *Diamond* confirms that Google's arguments are without merit.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

                Respectfully submitted,

                <u>/s/ Gary A. Bornstein</u>
                Gary A. Bornstein
                *Counsel for Appellee Epic Games, Inc.*

Molly C. Dwyer, Clerk of Court
    U.S. Court of Appeals for the Ninth Circuit
        The James R. Browning Courthouse
            95 7th Street
                San Francisco, CA 94103

VIA ECF

Copy to Counsel of Record (VIA ECF)