

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

June 23, 2025

**BY ACMS**

Molly C. Dwyer, Clerk
United States Court of Appeals
   for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

   Re:  *Epic Games, Inc. v. Google LLC*, **Nos. 24-6256, 24-6274, 25-303**

Dear Ms. Dwyer:

  The Supreme Court's decision in *Perttu v. Richards* (U.S. No. 23-1324) does not provide any alternative basis to affirm the District Court's erroneous decision to hold a jury trial on Epic's purely equitable antitrust claims.

  *Perttu* applies the longstanding legal rule that "when a factual dispute is intertwined with the merits of a claim that falls under the Seventh Amendment, that dispute should go to a jury." *Perttu*, slip op. at 8.  The defendant in that case raised an exhaustion defense under the Prison Litigation Reform Act that presented a specific factual dispute inextricably intertwined with a fact issue to be resolved by the jury.  The Court held exhaustion should likewise have been tried to the jury.

  Epic has never identified any jury issue "intertwined" with Epic's illegality defense to Google's breach-of-contract counterclaim.  Epic conceded breach and stipulated to damages, leaving Epic's affirmative defense of illegality as the only disputed issue.  *See* 6-ER-1342.  That equitable defense, as the District Court correctly held—and Epic offers no case disputing—is an issue for the court, not a

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

- 2 -

jury. 6-ER-1340 ("the illegality defense is equitable and it's a question for the Court"); *see, e.g.*, *LUX EAP, LLC v. Bruner*, 2018 WL 6016973, at *7 (C.D. Cal. July 31, 2018); *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 183 (2000). The overlap between Epic's illegality defense and Epic's antitrust claims does not help Epic either, because those antitrust claims sought solely injunctive relief and thus were outside the Seventh Amendment. In short, no "factual dispute" regarding Epic's illegality defense was "intertwined" with the merits of any jury-triable issue. *Perttu*, slip op. at 8.

*Perttu* does not upend settled law by holding that *all* affirmative defenses to legal claims must be tried to a jury. On the contrary, the Court confirmed that courts "ordinarily" rule on affirmative defenses "on their own" except when doing so requires resolving factual issues that must go to the jury. *Id.* Nothing in *Perttu* excuses the District Court's error in holding a jury trial on purely equitable claims. Opening Br. 52-58; Reply Br. 22-28.

                                         Respectfully submitted,

                                         /s/ Jessica L. Ellsworth
                                         Jessica L. Ellsworth

                                         *Counsel for Appellants*

cc: All Counsel of Record (via ACMS)